UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re:<br><br>Old Cutters, Inc.,<br><br>　　　　Debtor. | Bankruptcy Case<br>No. 11-41261-JDP |
| Old Cutters, Inc.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Hailey,<br><br>　　　　Defendant. | Adv. Proceeding<br>No. 11-8105-JDP |
| Mountain West Bank,<br><br>　　　　Plaintiff,<br>vs.<br><br>City of Hailey,<br><br>　　　　Defendant. | Adv. Proceeding<br>No. 11-8106-JDP |

---

MEMORANDUM OF DECISION

---

MEMORANDUM OF DECISION - 1

**Appearances:**

 **Erin F. Clark, Lawson & Laski, PLLC, Ketchum, Idaho, Attorney for Plaintiff Old Cutters**

 **Mischell R. Fulgham, Coeur d'Alene, Idaho, Attorney for Plaintiff Mountain West Bank**

 **R. Keith Roark, Roark Law Firm, Hailey, Idaho, Attorney for Defendant City of Hailey**

*Introduction*

After entry of a summary judgment in their favor in this consolidated adversary proceeding,[1] Plaintiffs Old Cutters, Inc. ("Old Cutters") and Mountain West Bank ("MWB") each filed a motion seeking an award of attorneys fees and costs from Defendant City of Hailey ("Hailey").  Dkt. Nos. 82 and 93.  Hailey objected to both motions.  Dkt. No. 106; No. 108.  The Court conducted a hearing on the motions on March

---

[1] Old Cutters and MWB filed separate complaints against Hailey.  At a March 15, 2012, joint pre-trial conference, the Court granted a motion by MWB to consolidate *Old Cutters, Inc. v. City of Hailey* (Adv. Proc. No. 11-8105) and *Mountain West Bank v. City of Hailey* (Adv. Proc. No. 11-8106).  For clarity and convenience, the Court directed the continued use of a dual-caption and that all future pleadings be filed only in Adv. Proc. No. 11-8105.  Unless otherwise noted, references in this Memorandum of Decision is to the docket in No. 11-8105.

MEMORANDUM OF DECISION - 2

19, 2013, at which the parties appeared and presented arguments. For the following reasons, the Court concludes that Old Cutters' motion should be granted, and MWB's motion should be denied.

*Facts*

The underlying facts giving rise to this litigation are set forth at length in the Court's December 31, 2012, Memorandum of Decision granting summary judgment in this adversary proceeding in favor of Old Cutters, and, in part, in favor of MWB. Dkt. No. 77. An order and judgment were entered memorializing the Court's decision on January 23, 2013. Dkt. Nos. 78, 79. The judgment is currently on appeal to the U. S. District Court.

In its motion, Old Cutters seeks an award of $95,131 in attorneys fees, and costs of $2,047, as a prevailing party in the adversary proceeding. Dkt. No. 82. Old Cutters argues it is entitled to recover the attorneys fees and costs pursuant to the terms of the Annexation Agreement it executed with Hailey. Paragraph 16 of the Annexation Agreement provides: "If a suit, action, or other proceeding arising out of or related to this Agreement

MEMORANDUM OF DECISION - 3

is instituted by any party to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees . . . ." Dkt. No. 82, Exh. A at 7-8. In addition, Old Cutters contends it may recover the fees and costs under Idaho Code § 12-120(3) because the dispute with Hailey involves a commercial transaction. Finally, relying on the prayer for relief of its complaint, Old Cutters requests an award of attorneys fees from Hailey pursuant to Idaho Code § 12-117. Dkt. No. 1.[2]

MWB's motion for attorneys fees seeks $90,062. Dkt. No. 93. In the prayer of its complaint, MWB requested attorneys fees under Idaho Code § 12-117. Adv. No. 11-8106, Dkt. No. 1. In its motion, MWB now argues it is entitled to recover attorneys fees under both Idaho Code §§ 12-117 and 12-120(3). However, at the hearing on the motion, counsel for MWB

---

[2] Although Old Cutters' brief in support of its motion relies only on Idaho Code § 12-120 and the Annexation Agreement, at the motion hearing, Old Cutters argued that Idaho Code § 12-117 also supplies a basis for an award. Hailey objected to Old Cutters's motion for attorneys fees under Idaho Code § 12-120 and the Annexation Agreement, but did not address in its brief Old Cutters' arguments based on Idaho Code § 12-117. Given the Court's ruling, however, Hailey was not prejudiced by Old Cutters' failure to discuss the applicability of Idaho Code § 12-117 in its brief.

MEMORANDUM OF DECISION - 4

appropriately conceded that Idaho Code § 12-120 is not applicable because it was not engaged in any commercial transaction with Hailey. *See Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 283 P.3d. 757, 778 (Idaho 2012) (holding, "the Third Party Beneficiary Agreement was not an agreement between [the party asserting the right under Idaho Code § 12-120(3)] and the defendants, but rather an agreement between [another party] and the defendants. Thus . . . there was no commercial transaction between the parties that gave rise to this litigation.").

*Analysis and Disposition*

**I. Applicable Law**

In litigation in the bankruptcy court, "state law governs an award of attorney fees if 'state law and not federal bankruptcy law provides the rule of decision in a contested matter.'" *Krommenhoek v. A-Mark Precious Metals, Inc. (In re Bybee)*, 945 F.2d 309, 315 (9th Cir. 1991) (quoting *Holiday Mobile Home Resorts v. Wood*, 803 F.2d 977, 979 (9th Cir. 1986)).

At bottom, this was a contest over whether Hailey's claim in the Old Cutters bankruptcy case should be allowed. However, in connection with

MEMORANDUM OF DECISION - 5

that dispute, the Court applied solely Idaho law to determine whether specific provisions of the Annexation Agreement between Old Cutters and Hailey, the contract giving rise to Hailey's claim, were unenforceable. Therefore, the Court concludes that Idaho law controls whether attorneys fees are recoverable here.

Idaho Rule of Civil Procedure 54(e)(1)[3] provides that a trial court may award reasonable attorney fees to a prevailing party in a civil action where a statute or contract provide for such relief. Whether a party has prevailed is determined by the trial court in the exercise of its discretion by considering "the final judgment or result of the action in relation to the

---

[3] Idaho Rule of Civil Procedure 54(e)(1) provides in full:

Attorney Fees. In any civil action the court may award reasonable attorney fees, which at the discretion of the court may include paralegal fees, to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract. Provided, attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation; but attorney fees shall not be awarded pursuant to section 12-121, Idaho Code, on a default judgment.

MEMORANDUM OF DECISION - 6

relief sought by the respective parties." Idaho Rule of Civil Procedure 54(d)(1)(B). The Rule also specifies the factors the trial court must consider in determining the reasonableness of an award of attorneys fees:

> Amount of Attorney Fees. In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:
>
> (A) The time and labor required.
> (B) The novelty and difficulty of the questions.
> (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
> (D) The prevailing charges for like work.
> (E) Whether the fee is fixed or contingent.
> (F) The time limitations imposed by the client or the circumstances of the case.
> (G) The amount involved and the results obtained.
> (H) The undesirability of the case.
> (I) The nature and length of the professional relationship with the client.
> (J) Awards in similar cases.
> (K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case.
> (L) Any other factor which the court deems appropriate in the particular case.

Idaho Rule of Civil Procedure 54(e)(3).

MEMORANDUM OF DECISION - 7

In relevant part Idaho Code § 12-117 provides:

(1) Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

(2) If a party to a proceeding prevails on a portion of the case, and the state agency or political subdivision or the court hearing the proceeding, including on appeal, finds that the nonprevailing party acted without a reasonable basis in fact or law with respect to that portion of the case, it shall award the partially prevailing party reasonable attorney's fees, witness fees and other reasonable expenses with respect to that portion of the case on which it prevailed.

There is some confusion over whether Idaho Code § 12-117 is the exclusive statute in Idaho allowing recovery of attorneys fees to a party that prevails in a civil action against an Idaho political subdivision, or whether the prevailing party may also rely on other statutes.[4]  Given this uncertainty,

---

[4] *Compare Syringa Networks, LLC v. Idaho Dept. of Admin.*, ___ P.3d ___, 2013 WL 1276493, at *11 (Idaho Mar. 29, 2013) (stating its holding in *State v. Hagerman Water Right Owners, Inc.*, 947 P.2d 391 (1997) that Idaho Code § 12-117

(continued...)

MEMORANDUM OF DECISION - 8

the Court will also examine Plaintiffs' entitlement to an award under the other statute cited to support their motions, Idaho Code § 12-120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private

---

[4](...continued)
provides the "exclusive basis" for recovery of attorneys fees was incorrect, and instructing that "if another statute expressly provides for the awarding of attorney fees against a state agency or a political subdivision, attorney fees can be awarded under that statute also" and that "section 12-117(1) is not the exclusive basis upon which to seek an award of attorney fees against a state agency or political subdivision, but attorney fees may be awarded under any other statute that expressly applies to a . . . political subdivision, such as sections 12-120(3) and 12-121.") *with Buckskin Prop., Inc. v. Valley Cnty.*, ___ P.3d ___, 2013 WL 1276550, at *12 (Idaho Mar. 29, 2013) (noting, "[i]t should be noted that I.C. § 12-121 does not apply in this case because where I.C. § 12-117 applies, as it does in this case, it is the sole means for awarding attorney fees.") (citing *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 226 P.3d 1277, 1282 (2010)).

MEMORANDUM OF DECISION - 9

organization, the state of Idaho or political subdivision thereof.

Concerning the "commercial transaction" requirement in this statute, the Idaho Supreme Court has instructed that "the test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under Idaho Code § 12-120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990).

## II. Application of Law to the Facts

### A. Old Cutters

For the purposes of Idaho Rule of Civil Procedure 54(d)(1)(B), Old Cutters was a prevailing party in this action because the relief granted by this Court to Old Cutters is the same relief it sought in its complaint. Old Cutters sought to invalidate multiple provisions of the Annexation Agreement with Hailey on several theories. The Court agreed with one of the theories and granted the relief requested by Old Cutters by declining

MEMORANDUM OF DECISION - 10

to enforce the provisions of the Annexation Agreement under which Hailey claimed Old Cutters was indebted to Hailey.  In short, as a result of Old Cutters' efforts in this action, the Court disallowed Hailey's claim in the bankruptcy case.  Therefore, Old Cutters is the prevailing party in this adversary proceeding.

As a prevailing party, pursuant to Idaho Rule of Civil Procedure 54(e)(1), Old Cutters is entitled to recover attorneys fees from Hailey because such an award is provided for in the parties' contract.  In the Annexation Agreement, the parties agreed that reasonable attorneys fees may be recovered by the prevailing party in any action concerning the agreement.  Hailey's argument, advanced in its brief, that the Court's conclusion that discreet components of the Annexation Agreement are unenforceable renders the entire agreement, including the attorneys fees clause, void is not persuasive.[5]  In particular, the Court held in its

---

[5] To his credit, Hailey's attorney discounted this argument at the motion hearing.  The Court appreciates counsel's candor in recognizing the weakness of this position in light of the clarity of the express provisions of the Annexation Agreement.

MEMORANDUM OF DECISION - 11

Memorandum of Decision that only certain provisions of the Annexation Agreement were void as an *ultra vires* act by Hailey. Dkt. No. 77 at 44. However, as noted in the Court's Memorandum of Decision, the parties expressly agreed to a severability clause in the Annexation Agreement in paragraph 23.[6] In addition, the attorneys fees provision, paragraph 16, states, "[t]his section shall survive and remain enforceable notwithstanding any rescission of this Agreement or a determination by a court of competent jurisdiction that all or any portion of the remainder of this Agreement is void, illegal, or against public policy." Dkt. No. 82, Exh. A at 7-8.

---

[6] Paragraph 23 of the Annexation Agreement reads:

In the event that any provision of this Agreement is deemed to be invalid by reason of the operation of any law, or by reason of the interpretation placed thereon by any court or other governmental body, this Agreement shall be construed as not containing such provision and the invalidity of such provision shall not affect the validity of any other provision hereof, and any and all other provisions hereof which otherwise are lawful and valid shall remain in full force and effect.

Dkt. No. 82, Exh. A. at 9.

MEMORANDUM OF DECISION - 12

The Court concludes that Old Cutters is entitled to recover attorneys fees pursuant to the terms of the Annexation Agreement. As a result, the Court need not address the other, statutory bases for recovery of attorneys fees advanced by Old Cutters.

### 1. Reasonableness of Attorneys fees

Old Cutters requests attorneys fees in the amount of $95,131 and costs in the amount of $2,047.02. Dkt. No. 82. The "Transactions Listing Report" supplied by Old Cutters' counsel contains detailed time entries describing the services provided by the attorneys to Old Cutters from February 28, 2011, through January 17, 2013. Dkt. No. 82, Exhs. B - C. The Court concludes that the factors articulated in Idaho Rule of Civil Procedure 54(e)(3) support an award of attorneys fees in the amount requested. In particular, the time spent by Old Cutters' counsel, the novelty of the issues presented in the case, and the skill exhibited by the attorneys providing the services, when coupled with the results they obtained for their client, all show the amount of fees requested is reasonable.

MEMORANDUM OF DECISION - 13

Hailey objects generally to the reasonableness of the attorneys fees "for the reasons set forth in the affidavit of Ned. C. Williamsen [sic]," which was attached to the brief objecting to the attorneys fees. Dkt. No. 106. In the affidavit, Mr. Williamson, the Hailey city attorney, opines that $8,317 in fees sought by Old Cutters , were "related to financing commitments and drafting financing documents [] not expenses incurred in settlement discussions with the City of Hailey." Dkt. No. 106-1 at ¶ 12. However, again, the provisions of paragraph 16 of the Annexation Agreement are broad, and the Court can not conclude that the services of Old Cutters' attorney criticized by Williamson did not arise out of, or were unrelated to, the Agreement. Therefore, Old Cutters is entitled to the full amount of its attorneys fees requested.

Old Cutters requested an additional $2,000 if its attorneys fees motion was contested by Hailey. Dkt. No. 82 at ¶ 9. Hailey has contested the motion, and the Court finds also Old Cutters' request to be a reasonable one for the services provided by its counsel in connection to defend its motion.

MEMORANDUM OF DECISION - 14

B. MWB

Assuming, without deciding, MWB also prevailed on its claims in this action, the Court concludes that it is not entitled to recover attorneys fees from Hailey.

Unlike Old Cutters, MWB had no agreement with Hailey upon which to base a request for attorneys fees. Instead, as required by the state rule, MWB must demonstrate some statutory basis to recover its fees. The statutes cited by MWB, however, do not support its position.

The Court noted in its Memorandum of Decision, in resolving the parties' challenge to Hailey's right to enforce the Annexation Agreement fee provisions, the Court was addressing statutory issues of first impression in Idaho. Dkt. No. 77 at 29 n.14. Given the novelty of the arguments and issues, the Court disagrees with MWB's suggestion that, in seeking to collect amounts owed by Old Cutters under the Annexation Agreement, Hailey acted "without a reasonable basis in fact or law," a condition to any award of fees under Idaho Code § 12-117. Therefore, MWB may not recover its attorneys fees under that statute.

MEMORANDUM OF DECISION - 15

Case 11-08105-JDP    Doc 123    Filed 04/18/13    Entered 04/18/13 16:40:47    Desc Main
                    Document      Page 16 of 16

As to MWB's request under Idaho Code § 12-120(3), the fact that MWB was not a party to the Annexation Agreement also ends that inquiry. As pointed out by the Idaho Supreme Court in *Printcraft Press, Inc.*, *supra*, because MWB was not a party to this agreement, it is not entitled to recover attorneys fees under the statute as a "commercial transaction." Simply put, as interpreted by the Idaho courts, there was no "commercial transaction" between MWB and Hailey that gave rise to the litigation between these two litigants.

MWB's motion for attorneys fees will therefore be denied.

## *Conclusion*

For the foregoing reasons, Old Cutters' motion for attorneys fees and costs will be granted in the amount of $97,131, plus costs in the amount of $2,047.02. MWB's motion for attorneys fees will be denied.

The Court will enter a separate order.

Dated: April 18, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 16